UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO.:

OKEZIE N. EZEIRUAKU,

    Plaintiff,

vs.

CMA CGM, LLC, and
ATI CONTAINER SERVICES,

    Defendants.
_____/

## NOTICE OF REMOVAL

COMES NOW Defendant CMA CGM, LLC, (hereinafter referred to as "CMA CGM (AMERICA) LLC) by and through its undersigned attorneys and hereby file this its Notice of Removal of this action styled *OKEZIE N. EZEIRUAKU Plaintiff, vs. CMA CGM, LLC* and *ATI CONTAINER SERVICES,* from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.[1] As required by 28 U.S.C. § 1446, Defendant sets forth a short and plain statement of the grounds for this removal the Declaration of Robert Corvin and attach copies of all process, pleadings and orders

---

[1] The proper legal name of CMA CGM, LLC is CMA CGM (AMERICA) LLC, who was the entity listed at the address listed on the Summons directed to CMA CGM LLC, in Miami, Florida.

CASE NO.:

served upon them in this action.[2] CMA CGM (AMERICA) LLC submits to this Court that this action is properly removable under 28 U.S.C. § 1441, 28 USC §1337, 28 USC §1331 and/or 28 USC §1333.

Pursuant to 28 USC §1337, the District Courts have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopoly if the matter in controversy for each receipt or bill of lading exceeds US$10,000.00, exclusive of interest and costs. As set forth by the Fifth Circuit in *Uncle Ben's v. Hapag-Lloyd*, 855 F.2d 215 (5th Cir. 1988), this action is governed by the Harter Act, 46 U.S.C. §190-196, and/or the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701 Note (2007)[3]. As stated by the Fifth Circuit in *Hapag-Lloyd*:

> The Harter Act, governing a shipper's custody or care of property during the pre-loading phase, is federal legislation regulating commerce. *Ford Motor Co. v. Wallenius Lines*, 476 F. Supp. 1362 (Ed. Va. 1979). As such, the action involving

---

[2] The purpose of the Declaration of Robert Corvin is to authenticate the contract of carriage, also known as a bill of lading upon which the Plaintiff has based his two causes of action but failed to attach to his Complaint. A copy of the front and reverse sides of CMA CGM SA's bill of lading is attached as Exhibit "A" to Mr. Corvin's Declaration. The Plaintiff did not attach a copy of the contract to his Complaint as would have been required by Rule 1.130 (a) of the Florida Rules of Civil Procedure. *See Harris v. Ben-Ezra, P.A.* 458 B.R. 591, 596 (N.D. Fla. 2011) citing to *Diaz v. Bell Microproducts-Future Tech, Inc.*, 43 So. 3d 138,140 (Fla. 4th DCA 2010); *Safeco Ins. Co. of Am. v.* Ware, 401 So.2d 1129, 1130 (Fla. 4th DCA). Since the contract forms the basis for Plaintiff's causes of action, Rule 106 of the Federal Rules of Evidence allows CMA CGM (AMERICA) LLC to provide this Court with the contract/bill of lading in question. *See Beech Aircraft v. Rainey*, 488 U.S. 153, 172 (1988); *see also Phoenix Associates III v.* Stone, 60 F.3d 95, 102 (2d Cir. 1995). The front and reverse sides of the ocean carrier CMA CGM SA's bill of lading contain the terms and conditions of carriage. *See Big Blue, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 2009 U.S. Dist. LEXIS 143197 *6 n.2 (S.D. Fla. 2009); *UTI United States v. Bernuth Agencies*, 2012 U.S. Dist. LEXIS 141520 *10 2012 WL 4511304 (S.D. Fla. 2012); *Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006).

[3] COGSA was previously codified at 46 U.S.C. App. § 1300-1315. Congress has since reorganize[ed] and restat[e]d the laws . . . in the appendix at 46 U.S. C. § 30701 note. *See Rexroth Hydraudyne B.V. v. Ocean World Lines, Inc.*, 547 F.3d 351, 353 n.2. (2d Cir. 2008).

CASE NO.:

> its provisions could have been brought originally in Federal Court and, thus, was removable under 28 USC §1441 and §1337.

The Harter Act imposes upon carriers of goods in international commerce the duty "to carefully handle and stow her cargo and to care for and properly deliver the same" and is applied to the period of time between the discharge of the cargo from the vessel until proper delivery of the cargo. 46 U.S.C. § 191; *see also Seafarers* 2015 U.S.Dist. LEXIS 69641 *3 (S.D. Fla. 2015).

> COGSA's first provision states:
>> "That Every bill of lading or similar document of title which is evidence of a contract of carriage of goods by sea to and from ports of the United States, in foreign trade, shall have effect to the provisions of this Act.
>
> 46 U.S.C. § 30701 note.[4]

From the face of Plaintiff's Complaint, the Plaintiff is suing CMA CGM (AMERICA) LLC for breach of contract to ship and transport a 40' container said to contain three automobiles and auto parts from the Port of Miami to Lagos, Nigeria and breached said contract for failing to release the container to him.[5] Plaintiff's claim for conversion is based on the same set of facts as for breach of contract and also alleges that CMA CGM (AMERICA) LLC failed to release the container to

---

[4] "A bill of lading is the contractual agreement between a shipper and carrier and a carrier; it also serves as a document of title". *See Crowley American Transport v. Richard Sewing Machine*, 172 F.3d 781, 783 n. 2. "Thus, the bill of lading and the contract are the same document for purposes of clarity". *See id.* at 783, n.2.

[5] It is appropriate for a federal court to go beyond the face of the plaintiff's complaint and consider the facts disclosed in the record in determining whether a federal question exists. *See Davis v. Cluet, Peabody & Co.,* 667 F.2d 1371, 1373 n.6 (11th Cir. 1982), citing with authority *Villareal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1979); *see also Seafarers* 2015 U.S.Dist. LEXIS 69641 *3 n.1 (this Court may consider the bill of lading in determining whether it has subject matter jurisdiction, citing to *Siermanski v. Transouth Financial Corp.*, 216 F. 3d 945, 949 (11th Cir. 2000)).

CASE NO.:

him after it had been discharged from the carrying vessel. In his Complaint Plaintiff seeks compensatory damages of $80,000.00, and punitive damages of $1,000,000.00 i.e., in excess of the jurisdictional requirements of 28 USC §1337. As indicated above, it is apparent that the Plaintiff's claims against CMA CGM (AMERICA) LLC are governed by COGSA and/or by the Harter Act, both of which constitute federal legislation regulating commerce, thus rendering the action removable under 28 USC §1337; *see also, Polo Ralph Lauren v. Tropical Shipping & Const. Co. Ltd.*, 215 F.3d 1217, 1219-20 (11th Cir. 2000) (COGSA governs all contracts of carriage by sea to and from ports of the United States in foreign trade; provides the exclusive remedy and preempts all state law and tort claims, *inter alia*, negligence and bailment); *Modern Office System, Inc. v. Aim Caribbean Express, Inc.*, 802 F. Supp. 617, 621 (D.P.R. 1992) ("[A]n action for loss of damage to cargo during maritime transportation necessarily arises under the Harter Act or COGSA, as the case may be."); *see also Seafarers, Inc.* 2015 U.S. Dist. LEXIS 69641 *3.

Under the same set of facts, the Plaintiff has alleged that he contracted with co-Defendant ATI CONTAINER SERVICES to ship and transport the container from the Port of Miami to Lagos, Nigeria, and that ATI CONTAINER SERVICES breached the contract to ship and transport by failing to release the container to him. CMA CGM (AMERICA) LLC states that this action is being removed within thirty (30) days of service of process from the date of service and is otherwise properly removable. CMA CGM (AMERICA) LLC was served with the Summons and Complaint on July 13, 2021. Co-Defendant ATI CONTAINER SERVICES was served with the Summons and Complaint on July 28, 2021, and on July 29, 2021, through their counsel Shannon Liang, Esq. of The Mooney Law Firm, 2717 Neuchatel Drive, Tallahassee, Florida 32303, has consented to removal of this case. CMA CGM (AMERICA) LLC has attached as Exhibit "1" a copy of all process, pleadings, and orders filed with the Circuit Court of the Eleventh Judicial

CASE NO.:

Circuit in and for Miami-Dade County, Florida. CMA CGM (AMERICA), LLC has filed a Notice of Filing Notice of Removal with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as appears from Exhibit "2" attached hereto Pursuant to the provisions of 28 U.S.C. 1446, CMA CGM (AMERICA) LLC is promptly giving written notice of this removal to counsel for Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court in and for Miami Dade County, Florida as required by law.

WHEREFORE, Defendant CMA CGM (AMERICA) LLC submits that this action is being properly removed.

/s/Jan M. Kuylenstierna
Jan M. Kuylenstierna

Jan M. Kuylenstierna
Fla. Bar No. 375985
Charles G. De Leo
Fla. Bar No. 353485
Ryon L. Little
Fla. Bar No. 26402
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
Telephone: (786) 332-4909
Facsimile: (786) 518-2849
Attorneys for CMA CGM (AMERICA) LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal was served via regular mail on July 30, 2021, on the Plaintiff Ozekie N. Ezeiruaku, 815 W. Emmett Street, Kissimmee, Florida 34741.

/s/Jan M. Kuylenstierna
Jan M. Kuylenstierna